UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 20-CR-03286-GPC |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE WITHOUT PREJUDICE** |
| v. | |
| EDWIN JESUS SALINAS ARIAS, | |
| Defendant. | **[ECF No. 67]** |

### I.  INTRODUCTION

On October 5, 2022, Defendant Edwin Jesus Salinas Arias ("Salinas Arias" or "Defendant") filed a *pro se* motion ("Motion") seeking compassionate release or reduction of his sentence under 18 U.S.C. 3582(c)(1)(A)(i). ECF No. 67. The Court notified Federal Defenders of the Motion and on November 11, 2022, Federal Defenders filed a status report stating that the Court could decide the Motion without assistance of counsel. ECF No. 72. On December 5, 2022, the Government filed an Opposition to Salinas Arias's Motion. ECF No. 73. Defendant did not file a Reply. For the reasons below, Salinas Arias's Motion is **DENIED** without prejudice.

## II. BACKGROUND

Salinas Arias was convicted by guilty plea of Importation of Methamphetamine in violation of 21 U.S.C. §§ 952, 960. On November 8, 2021, this Court sentenced him to 53 months imprisonment and three years of supervised release. ECF No. 58. Defendant self-surrendered on January 28, 2022. ECF No. 63. He is currently incarcerated at Tucson USP with a scheduled release date of October 28, 2025. *Find an Inmate*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Feb. 8, 2023).

Salinas Arias requests compassionate release based on his "adverse medical conditions" and need to "provide critical primary caretaker services" for his parents. ECF No. 67 at 1. He explains that he has "severe Asthma [sic] and is pre-diabetic," placing him "in the 'high risk' category with regard to the Covid-19 pandemic." ECF No. 67 at 1. Salinas Arias also states that he "became seriously ill and almost died after ending up in the hospital," and that he was placed "on oxygen due to acute respiratory failure." ECF No. 67 at 1.

Salinas Arias is 26 years old. ECF No. 67, Ex. A. He has no prior convictions and, while incarcerated, he has completed "programs and classes available at the Tucson SPC," including "college courses with honors" and a "Non-Resident Drug and Alcohol Program." ECF No. 67 at 2. Salinas Arias submitted a request for compassionate release to Warden Colbert on May 31, 2022, received no response, and submitted this Motion on October 20, 2022. ECF No. 67 at 1, 4.

## III. DISCUSSION

For the reasons below, Salinas Arias's Motion is **DENIED** without prejudice. Although exhaustion is met, Salinas Arias failed to provide sufficient evidence to substantiate his claims of extraordinary circumstances necessitating relief. Notably, Salinas Arias's medical records do not reveal that he was "seriously ill," placed "on oxygen" while hospitalized, or told by hospital staff he was "unlikely to survive another Covid-19

infection." ECF No. 67 at 1. In fact, the Government provided Salinas Arias's medical records that do not indicate he was ever hospitalized. ECF No. 73, Ex. A.

Salinas Arias moved for release under 18 U.S.C. § 3582(c)(1)(A), which provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, there are two questions before the Court: first, whether Salinas Arias satisfied the administrative exhaustion requirement, and second, whether Salinas Arias demonstrated extraordinary and compelling reasons for a sentence reduction.

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, "amends numerous portions of the U.S. Code to promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019) (citing Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019)). One of the changes resulting from the Act is that it "allows defendants, for the first time, to petition district courts directly for compassionate release." *Id*. As one district court explained:

> The effect of the amendments is that a district judge has the ability to grant a prisoner's motion for compassionate release even in the face of BOP opposition or its failure to respond to a prisoner's request for compassionate release in a timely manner. . . . Congress's express purpose in implementing these changes was to expand the use of compassionate release sentence reductions under § 3582(c)(1)(A). *See, e.g.*, First Step Act, PL 115-391, 132 Stat 5194, 5239 (titling the subsection amending § 3582, "Increasing the Transparency and Use of Compassionate Release"); 164 Cong. Rec. S7314- 02, 2018 WL 6350790 (Dec. 5, 2018) (statement by Senator Cardin, cosponsor of the First Step Act, noting that its purpose was to "expand[s] compassionate release" and "expedite[] compassionate release applications").

*United States v. Young*, No. 2:00-CR-00002-1, 2020 WL 1047815, at *5 (M.D. Tenn. Mar. 4, 2020); *see also United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *4 (D. Utah Feb. 18, 2020) ("[O]ne of the express purposes of the First Step Act was to increase the use and transparency of compassionate release.").

### A. Exhaustion

Salinas Arias sufficiently exhausted his administrative rights under § 3582(c)(1)(A). When weighing whether a defendant has properly exhausted his administrative rights under § 3582(c)(1)(A), courts engage in a two-part inquiry.

First, courts may only consider a § 3582(c)(1)(A) motion if (1) the warden filed the motion on the inmate's behalf or (2) the inmate has requested that the warden make such a motion and (a) the warden denied the request or (b) 30 days elapsed since the request. *See, e.g.*, *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). Parties do not dispute that Salinas Arias made a timely request to the warden on May 31, 2022, and more than 30 days passed without a response before filing with this Court on October 20, 2022. ECF No. 73 at 5; ECF No. 67 at 1. Salinas Arias therefore satisfied the first administrative exhaustion prong.

Second, the inmate must present the same factual basis in his compassionate relief request to the court as he did to the warden. *See, e.g.*, *United States v. Vasquez*, 2021 WL 1338500 at *2 (S.D. Cal. Apr. 8, 2021). Parties dispute whether Salinas Arias satisfied this element.

In *United States v. Jeffers*, the court found the *pro se* defendant pleaded the same factual basis when he cited the same health concerns but provided more specificity in his court request than in his warden request. 466 F. Supp. 3d 999, 1005 (N.D. Iowa 2020). In his warden request, the defendant noted his high COVID-19 exposure risk due to his "'chronic care' status, his age, high blood pressure, anxiety[,] and the medication he takes." *Jeffers*, 466 F. Supp. 3d at 1005. Then, in his court request, the defendant specified his Type 2 diabetes—which he did not mention in his warden request. *Jeffers*, 466 F. Supp. 3d at 1005. However, because "the focus" of both requests was "the threat of exposure to COVID-19 in light of his underlying health conditions," the additional

specificity did not change the factual basis of his claim. *Jeffers*, 466 F. Supp. 3d at 1005–06.

Similar to the Defendant in *Jeffers*, Salinas Arias pleaded the same factual basis in both requests. In his warden request, Defendant noted that his medical conditions, including his "asthma and pre-diabetes," contribute to his "risk of contracting and possibly dying from COVID-19." ECF No. 67 at 4. In his Court request, he specified that his asthma and condition as a pre-diabetic place him at a higher risk of dying from COVID-19. ECF No. 67 at 1. He provided further specificity in his Court request when he noted the medical staff that cared for him during a hospital visit purportedly said he is "unlikely to survive another Covid-19 infection." ECF No. 67 at 1. Like in *Jeffers*, the supplemental information in the Court request does not change the compassionate relief request's factual basis, but rather adds specificity about "the threat of exposure to COVID-19 in light of his underlying health conditions." *Jeffers*, 466 F. Supp. 3d at 1005–06. It is reasonable to expect that an individual might add more specificity in a court filing than he would elsewhere.

Additionally, in his warden request, Salinas Arias noted that his "elderly, infirm parents" require his "daily care." ECF No. 67 at 4. In his court request, he maintains the same factual basis and specifies that he would be their "sole" caretaker. ECF No. 67 at 1. He also notes that his parents require daily care because his mother is "unable to move around her home…and unable to drive." ECF No. 67 at 1. Again, Salinas Arias's Court request simply adds more specificity to his underlying claim. Thus, the Court finds exhaustion is met.

### B. Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) permits a sentence reduction only upon a showing of "extraordinary and compelling reasons," and only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §

3582(c)(1)(A). Prior to the First Step Act, the Sentencing Commission's applicable policy statement was found in Section 1B1.13 of the Sentencing Guidelines. U.S.S.G. § 1B1.13. Section 1B1.13 explains that a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) may be ordered where a court determines, "after considering the factors set forth in 18 U.S.C. § 3553(a)," that:

> (1) (A) Extraordinary and compelling reasons warrant the reduction;
> . . .
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. Application Note 1 to this Guidelines provision enumerates certain circumstances constituting "extraordinary and compelling reasons" that justify a sentence reduction, including certain medical conditions, advanced age, certain family circumstances, or some "other" reason "[a]s determined by the Director of the Bureau of Prisons." The Note specifies that "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" constitutes "extraordinary and compelling reasons" which justify compassionate release.

However, the Sentencing Commission has not issued a new policy statement since the passage of the First Step Act, and Section 1B1.13 only refers to motions filed by the Bureau of Prisons Director. As a result, the Ninth Circuit has held that Section 1B1.13 is not an "applicable policy statement[]" for motions under 18 U.S.C. § 3582(c)(1)(A) filed by a defendant. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). The Court therefore may consider Section 1B1.13 in its exercise of discretion, but it is not bound by its definition of extraordinary and compelling reasons. *Id.* at 801–02.

Salinas Arias's Motion states that he requests compassionate release based on (1) his medical conditions and (2) family caretaking responsibilities.

First, Salinas Arias stated that he "suffers from severe Asthma [sic] and is pre-diabetic," and therefore "in the 'high risk' category with regard to the Covid-19 pandemic." ECF No. 67 at 1. He also noted he is vaccinated and boosted, but still "became seriously ill and almost died after ending up in the hospital for a week to try and recover." ECF No. 67 at 1. Further, his Motion states the "hospital was forced to put [him] on oxygen due to acute respiratory failure" and "[d]ue to his severe asthma, it is the opinion of medical staff that Mr. Salinas Arias is unlikely to survive another Covid-19 infection if he is exposed to the virus *again*." ECF No. 67 at 1 (emphasis added). However, his medical records do not show any indication of a COVID-19 infection while in custody, nor do the records show he was hospitalized or that medical professionals told him he would be unable to survive another COVID-19 infection. ECF No. 73 at 17. Consequently, the Court finds no evidence to support Salinas Arias's medical claims, and therefore finds he has not demonstrated an extraordinary and compelling reason for release. However, if there are other records that support Salinas Arias's claims regarding his hospitalization and the statements by medical professionals while hospitalized, Salinas Arias could file a new Motion for Compassionate Release.

Second, Salinas Arias's Motion argues his parents' needs constitute an extraordinary and compelling reason for release. ECF No. 67 at 1, 5–8. However, the Court took those needs into consideration at the sentencing phase, and therefore they do not constitute an extraordinary and compelling reason for release. ECF No. 25 at 7–8.

Notably, Salinas Arias's Motion states he has made "outstanding progress," has had "no disciplinary problems," and is "model inmate," even completing "all requisite programs and classes available at [the facility]." ECF No. 67 at 2. The Court commends these efforts and encourages him to continue. However, the absence of medical records at this stage substantiating Salinas Arias's medical concerns compel a finding that at this point

Salinas Arias has not demonstrated extraordinary and compelling reasons for release based on either his medical condition or concern for his parents.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion for compassionate release pursuant to 18 U.S.C. § 3582(c) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: February 13, 2023

Hon. Gonzalo P. Curiel
United States District Judge